### No. 744.—JEAN CARRERE v. AUGUSTIN LABAU and J. N. WEBSTER.

A principal who sues his agent for a balance alleged to be due him, and also makes a third party a party to the suit, on the allegation that certain notes which had been purchased by his agent with funds intrusted to the agent, and by him transferred to said third party, must show as matter of fact, before he can recover the notes of such third party, that the notes were purchased by the authority of his principal with his funds, and also that the third purchaser of the notes from the agent know the fact at the time of the transfer.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train*, J. *A. C. Dumartrait* and *Frederick Gates*, for plaintiff and appellant. *Tucker & Davis*, for defendants and appellees.

HOWE, J. The plaintiff instituted this action against the defendant, Labau, as his agent, claiming from him a balance of $32,608, subject to such credits as the agent might establish. He further alleged that certain notes in possession of the defendant Webster were his (the plaintiff's) property, having been purchased by Labau with the funds intrusted to him by plaintiff, and transferred to Webster in fraud of plaintiff's rights, and he caused these notes to be sequestered.

There was judgment dismissing the plaintiff's action, and he has appealed.

*First*—The evidence does not establish the plaintiff's ownership of the sequestered notes. It is not necessary to decide what might be the legal conclusion, if the testimony showed that the defendant Labau purchased the notes with plaintiff's funds, and then transferred them collusively to Webster. It suffices to say that such a state of facts is not proved. The notes were originally the property of Bel-

locq, Noblom & Co., and were transferred by them to Webster in payment of a draft drawn in favor of the latter by Labau. It does not appear that the funds against which Labau drew were the plaintiff's, and he therefore has no interest in this suit to contest the validity of Webster's title. The court *a qua* did not err in dismissing the sequestration and the demand as to Webster.

*Second*—It amply appears, however, from the record, and particularly from the letters of Labau, that he was, up to 1866, the agent of plaintiff; that his account is still unsettled, and that the plaintiff is entitled, under the former portion of the prayer of the petition, to judgment against the succession of Labau (who has died since the institution of this suit) for a balance of some kind. This branch of the cause should be remanded for more particular proof.

It is therefore ordered that the judgment appealed from, so far as it dismisses the writ of sequestration, and the suit of plaintiff, as against the defendant Webster be affirmed; and that in so far as it dismisses the action as against the succession of Labau, it be reversed; and that the cause as against the said succession be remanded, to be further proceeded with according to law. Costs of appeal to be paid by the succession.